**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 16-50040 |
| | Chapter 13 |
| Mary E. Harkonen, | |
| Debtor. | |

**NOTICE OF HEARING AND MOTION OBJECTING TO DISCHARGE**

TO:  All parties in interest pursuant to Local Rule 9013-3.

1.      Kyle L. Carlson, chapter 13 trustee, moves the court for the relief requested below and gives notice of hearing.

2.      The court will hold a hearing on this motion at 9:30 a.m. on May 23, 2016, in Courtroom 2, 4th Floor, U.S. Courthouse, 515 West First Street, Duluth, MN 55802.

3.      Any response to this motion must be filed and served not later than May 18, 2016, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this chapter 13 case was filed on January 22, 2016.  The case is now pending in this court.

5.      This motion arises under 11 U.S.C. § 1328.  This motion is filed under Fed. R. Bankr. P. 4004(a) and 9014 and Local Rules 2015-1, 4004-1, 9013-1 through 9013-5, and such other Local Rules as may pertain.  The trustee requests relief with respect to an order denying the debtor's discharge under 11 U.S.C. § 1328(f).

6.      The debtor previously filed a case under chapter 7 of title 11, United States Code, on November 21, 2012, case no. 12-51145, for which the debtor received a discharge on February 20, 2013.

7.      11 U.S.C. § 1328(f) states:

Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge -

(1)      in a case filed under chapter 7, 11, or 12 of this title during the four-year period preceding the date of the order for relief under this chapter, or

(2)      in a case filed under chapter 13 of this title during the 2-year period preceding the date  of such order

FED. R. BANKR. P. 4004(a), as amended effective December 1, 2010, states, in relevant part: "In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney."

9.     The first date set for the debtor's meeting of creditors was 3/23/16; therefore, this motion is timely under FED. R. BANKR. P. 4004(a).

WHEREFORE, the trustee moves the court for an order denying discharge, and such other relief as may be just and equitable.

Dated: March 29, 2016

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

## VERIFICATION

I, Kyle L. Carlson, chapter 13 trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 29, 2016

/e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 16-50040 |
| | Chapter 13 |
| Mary E. Harkonen, | |
| Debtor. | |

**MEMORANDUM OF FACTS AND LAW**

### I.   FACTS

The facts necessary to a determination of this motion are outlined in the attached verified motion.  Essentially, the debtor has a prior discharge in a chapter 7 case filed less than four years prior to the filing of the present case, which makes the debtor ineligible to receive a discharge under 11 U.S.C. § 1328(f).

### II.   LEGAL DISCUSSION

The statute in question, 11 U.S.C. § 1328(f), reads as follows:

Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –

    (1)    in a case filed under chapter 7, 11, or 12 of this title during the four-year period preceding the date of the order for relief under this chapter, or

    (2)    in a case filed under chapter 13 of this title during the 2-year period preceding the date  of such order

11 U.S.C. § 1328(f).

The debtor's prior chapter 7 case was both filed and discharged less than four years prior to the filing of the present case; therefore, the debtor is ineligible to receive a discharge in this case under § 1328(f)(1).

### III.   CONCLUSION

For the reasons stated herein, the trustee respectfully requests that the attached proposed order be entered.


Dated: March 29, 2016

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| In re: | BKY 16-50040 |
|---|---|
| | Chapter 13 |
| Mary E. Harkonen, | |
| | |
| Debtor. | |

**ORDER DENYING DISCHARGE**

This case is before the court on the motion of trustee Kyle L. Carlson for an order denying the debtor's discharge.  Based on the motion and file, and given the lack of objection from the debtor,

IT IS ORDERED:

The debtor's discharge is denied.

Dated:

_____
Robert J. Kressel
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re:                                                    Case No. 16-50040
                                                          Chapter 13

Mary E. Harkonen,

           Debtor.

### UNSWORN DECLARATION FOR PROOF OF SERVICE

The undersigned, being an employee of the standing chapter 13 trustee, declares that on the date indicated below, I served the attached Notice of Hearing and Motion Objecting to Discharge, Memorandum of Facts and Law and proposed Order upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

    Mary E. Harkonen
    1105 Primrose Court   Apt 202
    Annapolis, MD 21403


And I declare, under penalty of perjury, that the foregoing is true and correct.



Dated: March 29, 2016

                                        /e/ Patricia Halverson
                                        Patricia Halverson
                                        Chapter 13 Office