**Form 3015-1 - Chapter 13 Plan**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**MODIFIED CHAPTER 13 PLAN**

In re:
**Mary E. Harkonen**

Dated: **April 13, 2016**

DEBTOR    Case No. **16-50040**

*In a joint case,
debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **2,000.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **1,000.00 *** per **Month** for **58** months, beginning in **April, 2016** f for a total of $ **69,135.00** . The minimum plan payment length is __ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **71,919.00** [line 1(a) + line 1(b) + line 1(c)].

   ***The plan is a step plan which will pay as follows: $1,000.00 monthly for 31 months, then $1,411 monthly for 29 months**

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **7,191** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | a. **AmeriCredit Financial Services** | **lease of 2015 GMC** |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | a. **Nationstar Mortgage** | $ 33,295.18 | $ *175.00 | 4 | 60 | $ 33,295.18 |
   | b. **Western Bank** | $ 9,546.60 | $ 350.00 | 4 | 28 | $ 9,546.60 |
   | c. **Western Bank** | $ 10,006.68 | $ 360.00 | 4 | 28 | $ 10,006.68 |
   | d. TOTAL | | | | | $ 52,848.46 |

**\*PAYMENT TO NATIONSTAR TO INCREASE TO $980 IN MONTH 32 OF PLAN.**

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | | $ | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. Irs | $ 3,614.86 | $ 3,614.86 | 3 | 32 | $ 220.00 | 19 | $ 4,180.00 | $ 0.00 | $ 4,180.00 |
| b. TOTAL | | | | | | | | | $ 4,180.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 2,310.00 | $ 770.00 | 1 | 3 | $ 2,310.00 |
| b. Irs | $ 1,616.53 | $ PRORATE | | | $ 1,616.53 |
| c. TOTAL | | | | | $ 3,926.53 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **3,743.31**   [line 1(d) minus lines 2, 6(d), 7(a), 8(a), 9(c) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **3,743.31** .

   c. Total estimated unsecured claims are $ **3,743.31** [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —

   **Special Intentions:**

   **Northland Construction: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.**

   **The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.**

   **The debtor shall send the Trustee each year during the Chapter 13 Plan copies of his/her federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal**

**tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $1,200 (single debtor) or $2,000 (joint debtor), plus any earned income credit (EIC) and any Minnesota Working Family Credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Pursuant to 11 U.S.C. Section 1305, Trustee to pay all claims for post-petition income taxes owing for year of filing.**

**Late filed claims are subject to objection per 11 U.S.C. Section 502(b)(9).**

**No payments shall be made on account of MDR's secured lien against debtor's or non filing spouse's property. MDR to retain lien.**

**DEBTOR TO PAY ALL TIMELY FILED UNSECURED CLAIMS IF FULL.**

14. SUMMARY OF PAYMENTS —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 7,191.00 |
| Home Mortgage Defaults [Line 6(d)] | $ 52,848.46 |
| Claims in Default [Line 7(a)] | $ 0.00 |
| Other Secured Claims [Line 8(b)] | $ 3,956.23 |
| Priority Claims [Line 9(c)] | $ 4,180.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 3,743.31 |
| **TOTAL [must equal Line 1(d)]** | $ **71,919.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**John F. Hedtke 0167666**
**Hedtke Law Office**
**1217 E. 1st Street**
**Duluth, MN 55805**
**218-728-1993**
**0167666**

Signed    /s/ Mary E. Harkonen
         **Mary E. Harkonen**
         DEBTOR

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:     Mary E. Harkonen, | Chapter 13 |
|           | Bankruptcy Case No. 16-50040 |
| Debtor(s). | |

**NOTICE OF HEARING ON
CONFIRMATION OF MODIFIED PLAN**

**PLEASE TAKE NOTICE**, that a **Hearing on Confirmation of Modified Plan** will be held on **May 23, 2016, at 9:00 a.m.**, at the US Courthouse, Bankruptcy Court, Courtroom 2, 4th Floor, 515 West First Street, Duluth, Minnesota, 55802.

Dated this 14th day of April, 2016.

By: /s/ John F. Hedtke
John F. Hedtke, #167666
Attorney for Debtor(s)
1217 East First Street
Duluth, Minnesota  55805
(218) 728-1993

# United States Bankruptcy Court
**District of Minnesota**

In re **Mary E. Harkonen**  
Debtor(s)

Case No. **16-50040**  
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **April 14, 2016**, a copy of Notice of Hearing and Modified Plan was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Capital One**  
**Discover Financial**  
**Fryberger Buchanan, Et Al.**  
**Irs**  
**Irs**  
**Irs**  
**Kohls/Capital One**  
**Kyle Carlson**  
**Mn Dept Of Revenue**  
**Nationstar Mortgage**  
**Northland Construction**  
**US Trustee - MN**  
**Wells Fargo Dealer Services**  
**Western Bank**  
**Western Bank**

**/s/ John F. Hedtke**  
**John F. Hedtke 0167666**  
**Hedtke Law Office**  
**1217 E. 1st Street**  
**Duluth, MN 55805**  
**218-728-1993Fax:218-728-0038**  
**john@hedtkelaw.com**

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
Case No. 16-50040

**Mary E. Harkonen**

Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: _____

X _____   X _____
Signature of Debtor 1 or Authorized             Signature of Debtor 2
Representative

Mary E. Harkonen
_____      _____
Printed Name of Debtor 1 or                     Printed Name of Debtor 2
Authorized Representative

# HEDTKE LAW OFFICE

| | | |
|---|---|---|
| 1217 EAST FIRST STREET<br>DULUTH, MINNESOTA 55805<br>E-MAIL: JOHN@HEDTKELAW.COM | **John F. Hedtke**<br>ATTORNEY AT LAW | TEL: (218) 728-1993<br>FAX: (218) 728-0038<br>800 IN 218 AREA: (800) 404-1655 |

April 14, 2016

| | | |
|---|---|---|
| Kyle Carlson<br>P.O. Box 519<br>Barnesville, MN 56514 | Affected Creditors &<br>Entities Requesting<br>Notice | US Trustee<br>1015 US Courthouse<br>300 So. 4th Street<br>Minneapolis, MN 55415 |

    Re:    Mary Harkonen
             Bankruptcy Case No. 16-50040

Dear Sir or Madam:

    Enclosed and served upon you please find copies of a **Notice of Hearing on Confirmation of Modified Plan and Modified Chapter 13 Plan.**

                        Very truly yours,

                        /s/ John F. Hedtke

                        John F. Hedtke

Encl.